IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STAN BATISTA, on behalf of himself and all others similarly situated,** | ) ) |
| | ) CASE NO. |
| Plaintiff, | ) ) JUDGE |
| vs. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| | ) **PURSUANT TO SECTION 216(b) OF** |
| **TREMONT ENTERPRISES, LLC d/b/a THE SOUTH SIDE,** | ) **THE FLSA** ) |
| | ) **JURY DEMAND ENDORSED** |
| and | ) **HEREON** |
| | ) |
| **SHERMAN DeLOZIER,** | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Stan Batista, for his Complaint against Defendants Tremont Enterprises, LLC and Sherman DeLozier ("Defendants"), states and alleges the following:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all relevant times, Plaintiff was an hourly, non-exempt employee, at Defendants' restaurant, The South Side, located in Tremont, Ohio.

5. Upon information and belief, Defendants' principal place of business is located at 2207 W. 11th Street, Cleveland, Ohio 44113.

## FACTUAL ALLEGATIONS
### Defendants' Status As an "Employer"

6. At all times relevant, Defendant Tremont Enterprises, LLC ("Defendant Tremont") was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. At all times relevant, Defendant Sherman DeLozier was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. During all times material to this Complaint, Defendant DeLozier had significant ownership interest in Defendant Tremont.

9. During all times material to this Complaint, Defendant DeLozier had significant operational control of all or at least significant aspects of the day-to-day operations of Defendant Tremont.

10. During all times material to this Complaint, Defendant DeLozier personally made decisions with regard to significant aspects of the day-to-day functions of Defendant Tremont.

11. During all times material to this Complaint, Defendant DeLozier, in addition to Defendant Tremont, had the authority to hire and fire employees, including Plaintiff.

12. During all times material to this Complaint, Defendant DeLozier, in addition to Defendant Tremont, was responsible for maintaining employment records.

13. During all times material to this Complaint, Defendant DeLozier, in addition to Defendant Tremont, determined the rate and method of Plaintiff's wages.

14. During all times material to this Complaint, Defendant Tremont functioned largely for the profit of Defendant DeLozier.

15. Defendants' non-exempt employees included Plaintiff. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Plaintiff's Non-Exempt Status

16. Plaintiff was a non-exempt employee of Defendants who was paid on an hourly basis and not paid an overtime premium for all hours worked in excess of forty (40) in one or more workweeks.

17. Plaintiff frequently worked more than forty (40) hours in a single workweek entitling him to overtime compensation under the FLSA.

### Defendants' Failure to Pay Overtime Compensation

18. The FLSA requires Defendants to pay overtime compensation to its hourly non-exempt workers.

19. Defendants knew or showed reckless disregard for whether Plaintiff was entitled to overtime pay under federal law.

### COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as an FLSA "collective action" pursuant to 29

U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

22. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former hourly workers employed by Defendants during the period measured from three years preceding August 30, 2018[1], to and continuing through the termination of this matter who worked in excess of forty (40) in at least one workweek.

23. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime premiums for hours worked in excess of forty (40) in one or more workweeks, and all have the same claims against Defendants for unpaid overtime premiums as well as for liquidated damages, attorneys' fees, and costs.

24. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

25. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 40 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

---

[1] The Parties have had a tolling agreement in place since August 30, 2018.

## COUNT ONE
### (FLSA Overtime Violations)

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

28. The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

29. Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

30. Defendants failed to pay overtime premiums to Plaintiff and the Potential Opt-Ins.

31. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

32. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and all similarly-situated employees, prays that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff, and the collective he represents, actual damages for unpaid wages;

D. Award Plaintiff, and the collective he represents, liquidated damages equal in amount to the unpaid wages found due to Plaintiff and those similarly-situated;

E. Award Plaintiff, and the collective he represents, pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collective he represents, attorneys' fees, costs, and disbursements; and,

G. Award Plaintiff, and the collective he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC


*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com


## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*

7