IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISIO

| | |
|---|---|
| STAN BATISTA, on behalf of himself and others similarly situated,   ) | |
| ) | CASE NO. 1:19-cv-361 |
| Plaintiff,   ) | JUDGE BENITA Y. PEARSON |
| ) | |
| vs.   ) | |
| ) | |
| TREMONT ENTERPRISES, LLC D/B/A THE SOUTH SIDE, et al.   ) | **JOINT MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSAL WITH PREJUDICE** |
| Defendants.   ) | |

Plaintiff Stan Batista ("Plaintiff") and Defendants Tremont Enterprises, LLC D/B/A The South Side, et al. and Sherman DeLozier ("Defendants") respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement and Release Agreement ("Settlement"), attached as **Exhibit A**. The Settlement seeks to resolve all claims Plaintiff has or could have asserted against Defendants, including any claims under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved through diligent and thorough negotiations between the parties' counsel. If approved by the Court, the Settlement will result in a reasonable settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

    **Exhibit A:**    Settlement and Release Agreement

    **Exhibit B:**    Stipulated Order and Final Judgment

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I. THE ACTION

On February 19, 2019 Plaintiff filed a putative "Collective Action Complaint" against Defendants asserting a single cause of action: failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (the "Action") (Doc. No. 1). Defendants deny Plaintiff's claims and assert that Plaintiff, along with any similarly situated individuals, was compensated for all hours worked in accordance with the FLSA. (*See* Docs. Nos. 8, 10).

## II. THE NEGOTIATIONS

Plaintiff's counsel conducted a thorough investigation into the facts of this Action and the preparation of Plaintiffs' claims against Defendants, including reviewing relevant documents and researching the applicable law and the potential defenses. The parties exchanged substantial informal discovery during the early stages of litigation, including timesheets and payroll documents relevant to the Action.

Upon counsel having the opportunity to review and analyze the relevant documents, settlement negotiations commenced. Although Defendants continue to deny any wrongdoing, the parties negotiated in good faith and reached a resolution that reflects a compromise which fully considers the respective claims and defenses.

## III. THE SETTLEMENT TERMS

The Total Settlement Payment of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) shall be made as outlined in the Settlement Agreement. If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendants. If approved, the parties have agreed that the Action will be dismissed with prejudice and Plaintiff will execute a Settlement and

Release Agreement that will release Defendants from any and all claims, causes of action, charges, suits, contracts, promises, or demands of any kind, which Plaintiffs may now have, whether known or unknown, intentional or otherwise, from the beginning of time to the effective date of the Agreement.

## IV.  THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA.  As explained below, Court approval is warranted.

### A.  The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under §216(b) "after scrutinizing the settlement of fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payment to Plaintiff is fair, reasonable, and adequate given that there exists bona fide disputes between the parties, including whether Plaintiff is entitled to any payments for unpaid wages.  The portion of the settlement allocated to Plaintiff's claims represents a substantial portion of what Plaintiff could have recovered in the event he prevailed in the Action.  Plaintiff's attorney's fees have also been considered in the settlement, as a portion of the settlement has been allocated for same.  Given these considerations, the settlement proceeds are fair, reasonable and adequate.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as **Exhibit B**.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher J. Lalak* | */s/Lester W. Armstrong (via email consent)* |
| Hans A. Nilges (0076017) | Lester W. Armstrong (0036832) |
| Nilges Draher LLC | Jonathan T. Hyman (0068812) |
| 7266 Portage Street, NW, Suite D | MEYERS, ROMAN, FRIEDBERG & LEWIS |
| Massillon, OH 44646 | 28601 Chagrin Boulevard, Suite 600 |
| Phone: 330.470.4429 | Cleveland, Ohio 44122 |
| Fax: 330.754.1430 | Phone: (216) 831-0042 |
| hans@ohlaborlaw.com | Fax: (216) 831-0542 |
| | Email: larmstrong@meyersroman.com |
| Christopher J. Lalak (0090079) | jyman@meyersroman.com |
| 614 West Superior Ave. | |
| Suite 1148 | Randy J. Hart (0046793) |
| Phone: 216.230.2955 | Randy J. Hart, LLC |
| Cleveland, OH 44113 | 3601 South Green Road, Suite 309 |
| | Beachwood, Ohio 44122 |
| *Attorneys for Plaintiff* | Phone: (216) 978-9150 |
| | (216) 373-4943 |
| | Email: randyjhart@gmail.com |
| | |
| | *Attorneys for Defendant* |