PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STAN BATISTA, | ) | |
| | ) | CASE NO. 1:19CV361 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| TREMONT ENTERPRISES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 17] |

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. ECF No. 17. The parties move the Court to approve their Confidential Settlement Agreement and Release of Claims (the "Settlement Agreement") (ECF No. 17-1) resolving Plaintiff Stan Batista's claims, filed under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

The Court approves the parties' settlement agreement because it is fair and reasonable. Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the action is dismissed with prejudice. Except as provided in the settlement agreement, the parties shall bear their own attorneys' fees and costs. The Court shall retain jurisdiction to enforce the terms of the settlement.

**Law and Analysis**

In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution

(1:19CV361)

of a *bona fide* dispute over FLSA provisions.'" Snook v. Valley OB-GYN Clinic, P.C., 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014) (quoting Lynn's Food Stores v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see* Rotuna v. W. Customer Mgmt. Grp., LLC, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (permitting settlement only when a *bona fide* dispute over the plaintiff's entitlement to compensation exists).

> Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Snook, 2014 WL 7369904, at *2 (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

In this case, having reviewed the settlement agreement (ECF No. 17-1), the Court agrees that a *bona fide* dispute exists with respect to the validity and strength of Plaintiff's FLSA claim. Plaintiff contends that he and any potential opt-in claimants are hourly, nonexempt employees who worked more than forty (40) hours a week. ECF No. 1 at PageID #: 5. He argues that Defendants failed to pay them overtime compensation as required under the FLSA. *Id.* Defendants, in turn, deny that they violated the FLSA. ECF No. 8. The Court concludes that the parties have legitimate disagreements over the wages owed, and have "demonstrated that the legal and factual issues presented in this action [do] not necessarily favor either side." Rotuna, 2010 WL 2490989, at *5.

(1:19CV361)

The Court also finds that the settlement agreement is fair and reasonable.[1] The Court reviewed the settlement agreement, taking into account factors such as the risk of fraud or collusion, the complexity of the case, the expense and likely duration of litigation, and the likelihood of success on the merits. *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Although the Court cannot assess the likelihood of success on the merits because the case resolved early in the course of litigation, the Court concludes that all other factors weigh in favor of approving the agreement.

Finally, the Court finds that the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). Although the attorneys' fees exceed Plaintiff's award, this is neither uncommon nor unreasonable. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 35 (6th Cir. 1994) (noting that awarding attorneys' fees encourages FLSA enforcement and "ensure[s] effective access to the judicial process," and upholding an award of $40,000 in attorneys' fees when

---

[1] The parties do not request a fairness hearing. Nor is the Court required to hold one. *E.g.*, *Moore v. Ackerman Inv. Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a "fairness" hearing on a proposed settlement"); *Barnes v. Benzerenterprises, Inc.*, No. 607CV1754-ORL-22DAB, 2008 WL 4059839, at *1 (M.D. Fla. Aug. 27, 2008) ("[T]he Court determines that there is no need for a fairness hearing.").

3

(1:19CV361)

plaintiff recovered nominal damages); *see also, e.g.*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $9,250 in attorney's fees when plaintiff recovered $1,698.00); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wisc. 2003) (awarding $36,204.88 in attorney's fees, but $3,540.00 in plaintiff's damages).

Some courts have also required that, when parties file their settlement agreement under seal, the district court should inquire into whether the requested secrecy is appropriate. *See Snook*, 2014 WL 7369904, at *2; *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). FLSA settlements, which require the district court's approval, are judicial records, and judicial records are ordinarily accessible to the public. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010); *Wolinsky*, 900 F. Supp. 2d. at 337-341. That said, "all but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013.).

The parties in this case wish for their settlement agreement to remain confidential. The parties, however, have provided the Court with no justification for their request to seal the settlement agreement.[2] Nor does the Court find that, under the circumstances, the requested secrecy is appropriate. Because there is no good cause to maintain the settlement agreement or accompanying documents under seal, the Court will unseal the parties' motion for approval of

---

[2] The Court granted the parties' Joint Motion for Leave to File Joint Motion for Approval of Stipulation of Settlement and Release and Dismissal with Prejudice Under Seal (ECF No. 15). ECF No. 16. After review, the Court finds no reason why the motion for approval of settlement (ECF No. 17), the settlement agreement (ECF No. 17-1), or the proposed stipulated order (ECF No. 17-2) should remain sealed.

4

(1:19CV361)

settlement (ECF No. 17), the settlement agreement (ECF No. 17-1), and the proposed stipulated order (ECF No. 17-2), in three (3) days from the date of this ruling.

**Conclusion**

The parties' proposed FLSA settlement agreement is approved because it is fair and reasonable.  At the parties' request, and pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the action is dismissed with prejudice.  Except as provided in the settlement agreement, the parties shall bear their own attorneys' fees and costs.  The Court shall retain jurisdiction to enforce the terms of the settlement.  Absent well-taken objection, the Court shall unseal the parties' motion for approval of settlement (ECF No. 17), the settlement agreement (ECF No. 17-1), and the proposed stipulated order (ECF No. 17-2), in three (3) days from the date of this ruling.

    IT IS SO ORDERED.

|   July 22, 2019   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |